765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grand Jury Matter of Metts, In re.
 No. 85-5010
 United States Court of Appeals, Sixth Circuit.
 5/8/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: MERRITT and CONTIE, Circuit Judges; KINNEARY, District Judge*.
 MERRITT, Circuit Judge.
 
 
 1
 This is an appeal from the District Court's denial of a motion made under Fed. R. Crim. P. 6(e)(3)(C)(i) to disclose grand jury information. The information sought by appellant Metts, former Kentucky Secretary of Transportation, pertains to whether a Kentucky State Police officer was acting as an agent of the Special Federal Grand Jury investigating political corruption in Kentucky during a specified period of time. The District Court's denial was based on its determination that Metts had not demonstrated a 'strong showing of particularized need' and that the need for continued secrecy in the grand jury proceedings outweighed Metts' need for disclosure. Dist. Ct. App. at 4-5. We reverse the judgment of the District Court and remand for the Court's in camera review of the grand jury minutes.
 
 I.
 
 2
 As part of an investigation into the business affairs of intervenor William May, former Kentucky Secretary of Transportation Frank R. Metts arranged for Kentucky State Police officers to record a conversation that took place between Metts and May in Florida on November 28, 1981. May, a Kentucky highway engineer, was unaware of the recording. Metts believed that May had a reputation for resorting to improper conduct in furthering his construction business interests; Metts wanted to record the conversation because he believed that May might attempt to bribe him. To accomplish this end, Metts contacted the Kentucky Secretary of Justice, Neil J. Welch; Welch then directed Kentucky State Police officers Ralph Ross and Walter Chisholm to record the conversation.
 
 
 3
 On September 4, 1984, May filed a civil action against Metts in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, alleging that the recording had violated his rights under the Florida electronic surveillance statute, the Florida constitution, and state privacy laws.
 
 
 4
 On October 9, 1984, Metts filed a petition for removal of the Florida state court action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. Sec. 1442(a)(1). The petition for removal was based on the assertion that Metts was 'acting under' a federal official within the meaning of 28 U.S.C. Sec. 1442(a)(1) when he arranged for Sergeant Ross to record his conversation with May.
 
 
 5
 In opposition to the removal petition, May filed the affidavit of FBI agent Huggins, who had supervised FBI participation with the Special Federal Grand Jury in Kentucky. In this capacity, Huggins had worked with Sergeant Ross. Huggins stated in his affidavit that the FBI did not participate in recording May's conversation; Huggins did not make any statements concerning Ross' status with the grand jury. The District Court then denied Metts' petition for removal and remanded the lawsuit to Florida state court.
 
 
 6
 After being informed by the United States Attorney for the Eastern District of Kentucky that any disclosure of Ross' grand jury status was precluded due to the grand jury secrecy provisions of Fed. R. Crim. P. 6(e), Metts filed with the District Court for the Southern District of Florida a motion for reconsideration of the order denying removal or, alternatively, for an extension of time pending a petition for disclosure under Rule 6(e)(3)(C)(i). The following day, November 21, 1984, Metts filed a petition for disclosure of Ross' status as an agent of the Special Federal Grand Jury in the District Court for the Eastern District of Kentucky pursuant to Fed. R. Crim. P. 6(e)(3)(C)(i). A hearing was held on the petition; the District Court denied the petition on the basis that Metts had not sufficiently established a 'strong showing of particularized need' and that the need for grand jury secrecy outweighed Metts' need for disclosure. Metts appealed from this judgment of the District Court for the Eastern District of Kentucky.
 
 II.
 
 7
 Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure authorizes federal courts to order disclosure of secret grand jury matters 'preliminarily to or in connection with a judicial proceeding.' United States v. Sells Engineering, Inc., ---- U.S. ----, 103 S.Ct. 3133, 3139 (1983). In order for Metts to prevail in his petition for the disclosure of secret grand jury matters he must make 'a strong showing of particularized need' for the materials. Id. at 3148.
 
 
 8
 Metts argues on appeal that he has made this showing based on two factors. First, he argues that since the absolute right of removal afforded by 28 U.S.C. Sec. 1442(a)(1) to one acting under a federal official, see Willingham v. Morgan, 305 U.S. 402, 406 (1968), was the result of clearly expressed congressional intent to ensure a federal forum for those who are sued for acts done while acting under federal officials, see, id., that right represents a strong element of Metts' particularized need.
 
 
 9
 Second, Metts argues that the information sought concerning Ross' status with the Federal Grand Jury would afford him an absolute defense in the underlying civil litigation either under federal law, see 18 U.S.C. Sec. 2511 (1982), or state law, see Fla. Stat. Ann. Secs. 934.01 et seq. (1973). A proven need for information vital to a specific defense constitutes a sufficiently 'strong showing of particularized need' to compel disclosure.
 
 
 10
 We hold that these two factors sufficiently demonstrate Metts' particularized need. To establish that he was acting under a federal officer, Metts must be able to document that Ross was an agent of the Special Federal Grand Jury who was acting within the scope of his duties when he recorded the conversation. This information is essential both to his right of removal and to the defenses available to him.
 
 
 11
 Finally, the standard for disclosure outlined by the Supreme Court in Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979), is met in this case. The Douglas Oil Court stated:
 
 
 12
 Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.
 
 
 13
 Id. at 222 (footnote omitted).
 
 
 14
 As to step one, the foregoing discussion illustrates that injustice would result in the judicial proceeding against Metts if he were foreclosed from establishing both his right of removal and his defenses to May's charges.
 
 
 15
 Second, although there is a strong general presumption that grand jury proceedings should remain secret, see United States v. Proctor & Gamble Co., 356 U.S. 677 (1958), this presumption is based on specific policy considerations that can be analyzed directly. In outlining these specific policies, the Douglas Oil Court emphasized, among other concerns not relevant here, the need 'to insure the utmost freedom to the grand jury in its deliberations . . . [and] to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes . . ..' Douglas Oil, 441 U.S. at 219 n.10, quoting United States v. Rose, 215 F.2d 617, 628-29 (3d Cir. 1954). The Douglas Oil Court noted that even when grand jury proceedings have terminated, as here, the 'possible effect upon the functioning of future grand juries' should be taken into account. Douglas Oil, 441 U.S. at 222.
 
 
 16
 Although the government has not made a strong argument specific to the continued need for secrecy, and did not oppose Metts' petition for disclosure in the District Court, the secrecy concerns referred to in Douglas Oil can be protected by our requirement that the District Court examine the grand jury minutes in camera to determine whether information relevant to Metts' petition exists. Balancing Metts' need for the information against the minimal abridgement of secrecy effected by this limited viewing, we find that Metts' need for the disclosure outweighs the need for secrecy.
 
 
 17
 Finally, as to the third step of the Douglas Oil analysis, the disclosure sanctioned in this decision is limited only to the information required to show: (1) whether Ross was acting as an agent of the Special Federal Grand Jury in Lexington at the time of the recording; and (2) whether Ross was acting within the scope of that capacity when he recorded the conversation on November 28, 1981. Although Metts' petition for disclosure requested information relative only to Ross' status as a grand jury agent at the time of the recording, the additional limited area of whether Ross was acting in the scope of his role should also be disclosed. May has indicated his intent to petition for disclosure of information relevant to whether Ross was acting within the scope of his duties in recording the conversation. The rationale of our decision applies to this second area of information since it forms an essential part of establishing the right of removal and the applicable defenses.
 
 
 18
 Accordingly, the judgment of the District Court is reversed and remanded for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Joseph P. Kinneary, Judge of the United States District Court for the Southern District of Ohio, sitting by designation